# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00251-CV

———————————————

IN THE INTEREST OF J.R., A CHILD

On Appeal from the 360th District Court
Tarrant County, Texas
Trial Court No. 360-719564-22

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

On December 3, 2024, the trial court signed an order holding Appellant J.A.S. in contempt for failing to pay child support as ordered by the court. The court ordered Appellant confined for fourteen days in the Tarrant County Jail for each violation but suspended commitment under terms spelled out in the order. On April 25, 2025, the trial court signed an "Order on Motion to Revoke Suspension of Commitment." The trial court found that Appellant had failed to comply with the terms of suspension in the prior order, but in lieu of revoking the suspended commitment, the trial court ordered that suspension "shall continue to be suspended until December 3, 2027[,] provided that [Appellant] complies with" terms set out in the order. That same date, the trial court also signed "Agreed Order Modifying Child Custody Evaluation," ordering the completion of a child custody evaluation. Appellant filed her notice of appeal from "the judgment or order . . . signed on April 25, 2025."

We notified Appellant of our concern that we may not have jurisdiction over this appeal. *See In re B.W.B.*, No. 02-14-00197-CV, 2014 WL 3696073, at *1 (Tex. App.—Fort Worth July 24, 2014, no pet.) (per curiam) (mem. op.); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) (en banc); *see also* Tex. Fam. Code Ann. § 105.001(e) (providing that temporary orders rendered in suits affecting the parent–child relationship are not subject to interlocutory appeal). We cautioned her that unless she or any party filed a response showing grounds for

2

continuing the appeal, we could dismiss her appeal for want of jurisdiction. *See*

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (noting that generally,

appeals may be taken only from final judgments and from certain interlocutory orders

made immediately appealable by statute); *see also* Tex. Civ. Prac. & Rem. Code Ann.

§ 51.014(a) (listing appealable interlocutory orders). We have not received a response.

Because we do not have jurisdiction over this appeal, we dismiss the appeal for

want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).


Per Curiam

Delivered:  August 14, 2025